

*ORIGINAL*

1   Vicky L. Barker SBN 119520
   CALIFORNIA WOMEN'S LAW CENTER
2   6300 Wilshire Blvd., Suite 980
   Los Angeles, CA  90010
3   Telephone: (323) 951-9276
   Facsimile:  (323) 951-9870

4

5   Patricia Shiu SBN 104894
   Elizabeth Kristen SBN 218227
   THE LEGAL AID SOCIETY-
6   EMPLOYMENT LAW CENTER
   600 Harrison Street, Suite 120
7   San Francisco, CA  94107
   Telephone: (415) 864-8848
8   Facsimile: (415) 864-8199

9   Attorneys for Plaintiffs

10

          UNITED STATES DISTRICT COURT

11

        SOUTHERN DISTRICT OF CALIFORNIA

12

13   VERONICA OLLIER; NAUDIA RANGEL, )   Case No.
   by her next friends Steve and Carmen Rangel; )
14   MARITZA RANGEL, by her next friends )   **'07 CV   0714   L (WMC)**
   Steve and Carmen Rangel; AMANDA )
15   HERNANDEZ, by her next friend Armando )   **CLASS ACTION COMPLAINT FOR**
   Hernandez; ARIANNA HERNANDEZ, by her )   **INJUNCTIVE AND DECLARATORY**
16   next friend Armando Hernandez, individually )   **RELIEF**
   and on behalf of all those similarly situated, )
17                                )
18            Plaintiffs, )
   vs. )
19                                )
20   SWEETWATER UNION HIGH SCHOOL )
   DISTRICT; ARLIE N. RICASA, PEARL )
21   QUINONES, JIM CARTMILL, JAIME )
   MERCADO, GREG R. SANDOVAL, JESUS )
22   M. GANDARA, EARL WEINS, and )
   RUSSELL MOORE, in their official )
23   capacities, )
24            Defendants. )
25                                )
26                                )
27                                )
28

FILED

'07 APR 19  AM 9: 21

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____  DEPUTY

**JURISDICTION AND VENUE**

1.    Plaintiffs bring this suit under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* and its interpreting regulations and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as enforced through 42 U.S.C. § 1983.  This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4).

2.    Declaratory and other relief is authorized pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202 for the purpose of determining a question of factual controversy that exists between the parties.  A declaration of the correct interpretation of the legal requirements described in this complaint is necessary and appropriate to determine the respective rights and duties of the parties to this action.

3.    Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b), because the events giving rise to Plaintiffs' claims occurred in this District.  All Plaintiffs reside in this District, as does the Defendant Sweetwater Union High School District ("Sweetwater").  Plaintiffs are informed and believe and based thereon allege that the individual Defendants reside in this District.  In any event, all the individual Defendants engaged in the illegal acts described herein in the District.

**INTRODUCTION**

4.    Plaintiffs bring this action to remedy the unlawful sex discrimination of Sweetwater Union High School District, District employees Jesus M. Gandara, Earl Weins, and Russell Moore (the "individual District Defendants"), and Sweetwater School Board members Arlie N. Ricasa, Pearl Quinones, Jim Cartmill, Jaime Mercado, and Greg R. Sandoval (the "individual School Board Defendants") against present and future female student athletes at Castle Park High School ("Castle Park").  Defendants' unlawful sex discrimination violates female students' rights under Title IX of the Education Amendments of 1972 and the United States Constitution.

5.    Defendants have unlawfully failed to provide female student athletes equal

1

1   treatment and benefits as compared to male athletes.

2        6.    Defendants have intentionally discriminated against the female student

3   athletes by funding, authorizing, constructing, renovating, and maintaining a roller hockey

4   rink, a secured, locked, state-of-the-art facility designed and intended primarily for male

5   student athletes.  While, at the same time, refusing to provide comparable exclusive state-of-

6   the-art facilities for girls.

7        7.    The District and the individual District defendants have discriminated against

8   the female students at Castle Park by failing to provide them with an equal opportunity to

9   participate in athletic programs.  Notwithstanding the significant numbers of female students

10  who have the interests and abilities to participate in athletics, the District and the individual

11  District Defendants have failed to offer the female students at Castle Park athletic

12  opportunities proportionate to their numbers.  As a result, female students have been unable

13  to participate in team sports, have been deterred from participating, and have been excluded

14  from Castle Park's athletic programs.

15       8.    The District cannot demonstrate that its programs nevertheless comply with

16  Title IX despite the failure to provide proportionate numbers of athletic opportunities to the

17  female students at Castle Park.  The District does not have a history and continuing practice

18  of expanding its athletic programs in response to the developing interests and abilities of

19  female students.  In fact, Castle Park has a history of having cut female athletic opportunities.

20  Accordingly, the failure to provide female students with an equal opportunity to participate

21  has occurred without justification or defense by the District and in total disregard for the

22  female students who have the interest and ability to participate in sports.

23       9.    The Defendants' repeated, purposeful differential treatment of female students

24  at Castle Park and female Castle Park athletes reveals an utter disregard for laws protecting

25  against such invidious sex discrimination.  The Defendants have continued to unfairly

26  discriminate against females despite persistent complaints by students, parents and others.

27  Plaintiffs and the class they propose to represent have been provided with no other alternative

28

2

1    but to hold the Defendants accountable for their persistent discrimination by instituting this
2    lawsuit.

3        10.   In bringing this lawsuit, Plaintiffs seek to require that Defendants comply with
4    Title IX and the Equal Protection Clause of the Fourteenth Amendment to the United States
5    Constitution by ending their discriminatory actions towards the female students at Castle
6    Park and by taking remedial steps to address discrimination in the athletic program.

7                              **PARTIES – PLAINTIFFS**

8        11.   Plaintiff Veronica Ollier ("VERONICA OLLIER") is an 18-year-old female
9    who attends Castle Park. VERONICA OLLIER has played basketball and softball and
10   continues to play softball at Castle Park. VERONICA OLLIER intends to play sports in
11   college and hopes to receive an athletic college scholarship. The Defendants have
12   discriminated against VERONICA OLLIER on the basis of her sex by denying her equal
13   athletic treatment and benefits. VERONICA OLLIER is a resident of Chula Vista,
14   California, which is within the jurisdiction of the Southern District of California.

15       12.   Plaintiff Naudia Rangel ("NAUDIA RANGEL") is a 17-year-old minor
16   female who attends Castle Park. NAUDIA RANGEL has played and continues to play
17   softball at Castle Park. NAUDIA RANGEL also has played basketball at Castle Park.
18   NAUDIA RANGEL intends to play softball in college and hopes to receive an athletic
19   college scholarship. The Defendants have discriminated against NAUDIA RANGEL on the
20   basis of her sex by denying her equal athletic treatment and benefits. NAUDIA RANGEL, a
21   minor, is proceeding in this action by her next friends, her mother Carmen Rangel and her
22   father, Steven Rangel. NAUDIA RANGEL and her parents are residents of Chula Vista,
23   California, which is within the jurisdiction of the Southern District of California.

24       13.   Plaintiff Maritza Rangel ("MARITZA RANGEL") is a 14-year-old minor
25   female who attends Castle Park Middle School in Chula Vista, California. MARITZA
26   RANGEL will be attending Castel Park starting in Fall 2007. MARITZA RANGEL intends
27   to play softball at Castle Park. MARITZA RANGEL has played softball since she was

28
                                        3

1    approximately 7 years old.  Unless the Defendants cease their discriminatory actions and take

2    remedial action, MARITZA RANGEL will be subjected to discrimination and unequal

3    athletic treatment and benefits.  MARITZA RANGEL, a minor, is proceeding in this action

4    by her next friends, her mother Carmen Rangel and her father, Steven Rangel.  MARITZA

5    RANGEL and her parents are residents of Chula Vista, California, which is within the

6    jurisdiction of the Southern District of California.

7           14.  Plaintiff Amanda Hernandez ("AMANDA HERNANDEZ") is a 14-year-old

8    minor female who attends Castle Park.  AMANDA HERNANDEZ has played and continues

9    to play basketball and softball at Castle Park.  AMANDA HERNANDEZ intends to play

10   sports in college and hopes to receive an athletic college scholarship.  The Defendants have

11   discriminated against AMANDA HERNANDEZ on the basis of her sex by denying her equal

12   athletic treatment and benefits.  AMANDA HERNANDEZ, a minor, is proceeding in this

13   action by her next friend, her father, Armando Hernandez.  AMANDA HERNANDEZ and

14   her father are residents of Chula Vista, California, which is within the jurisdiction of the

15   Southern District of California.

16          15.  Plaintiff Arianna Hernandez ("ARIANNA HERNANDEZ") is a 12-year-old

17   minor female who attends Rancho Del Rey Middle School in Chula Vista, California.

18   ARIANNA HERNANDEZ will be attending Castle Park starting in 2008.  ARIANNA

19   HERNANDEZ intends to play softball and soccer at Castle Park.  Unless the Defendants

20   cease their discriminatory actions and take remedial action, ARIANNA HERNANDEZ will

21   be subjected to discrimination and unequal athletic treatment and benefits.  ARIANNA

22   HERNANDEZ, a minor, is proceeding in this action by her next friend, her father, Armando

23   Hernandez.  ARIANNA HERNANDEZ and her father are residents of Chula Vista,

24   California, which is within the jurisdiction of the Southern District of California.

25                          **PARTIES – DEFENDANTS**

26          16.  Defendant Sweetwater Union High School District is a public school district.

27   The District is a state actor subject to the Fourteenth Amendment's Equal Protection Clause

28

4

1  as enforced through 42 U.S.C. § 1983. Additionally, the District receives federal funding

2  and, therefore, all of its programs and activities are governed by the requirements of Title IX

3  pursuant to 20 U.S.C. § 1687. The District is authorized to operate, and does operate, Castle

4  Park, and is responsible for Castle Park's conduct. The District is located in Chula Vista,

5  California, which is within the Southern District of California.

6      17.  Defendant Jesus M. Gandara ("GANDARA") is the Superintendent of

7  Sweetwater Union High School District. Defendant GANDARA has authority and control

8  Castle Park, including its policies, practices, procedures, facilities, maintenance, programs,

9  activities, services, and employees in Castle Park's athletic department. Defendant

10  GANDARA is responsible for ensuring that Castle Park complies with anti-discrimination

11  laws. Defendant GANDARA is a resident of the State of California. Plaintiffs are informed

12  and believe and based thereon allege that Defendant GANDARA resides within the Southern

13  District of California. Defendant GANDARA is sued in his official capacity.

14      18.  Defendant Earl Weins ("WEINS") is the principal of Castle Park. Defendant

15  WEINS has authority and control over the day-to-day operations of Castle Park, including its

16  policies, practices, procedures, facilities, maintenance, programs, activities, services, and

17  employees in Castle Park's athletic department. Defendant WEINS is responsible for

18  ensuring that Castle Park complies with anti-discrimination laws. Defendant WEINS is a

19  resident of the State of California. Plaintiffs are informed and believe and based thereon

20  allege that Defendant WEINS resides within the Southern District of California. Defendant

21  WEINS is sued in his official capacity.

22      19.  Defendant Russell Moore ("MOORE") is the athletic director at Castle Park.

23  Defendant MOORE has authority and control over the day-to-day operations of Castle Park's

24  athletic department, including its policies, practices, procedures, programs, activities,

25  services, coaches, and teams. Defendant MOORE is a resident of the State of California.

26  Plaintiffs are informed and believe and based thereon allege that Defendant MOORE resides

27  within the Southern District of California. Defendant MOORE is sued in his official

28

1   capacity.

2         20.   Arlie N. Ricasa ("RICASA") is the Board President of the Sweetwater Board

3   of Education.  As Board President, Defendant RICASA is responsible for the actions of the

4   Sweetwater School District and is responsible for ensuring that the District complies with

5   anti-discrimination laws.  Defendant RICASA is a resident of the State of California.

6   Plaintiffs are informed and believe and based thereon allege that Defendant RICASA resides

7   within the Southern District of California.  Defendant RICASA is sued in his official

8   capacity.

9         21.   Pearl Quinones ("QUINONES") is the Board Vice-President of the

10  Sweetwater Board of Education.  As Board Vice-President, Defendant QUINONES is

11  responsible for the actions of the Sweetwater School District and is responsible for ensuring

12  that the District complies with anti-discrimination laws.  Defendant QUINONES is a resident

13  of the State of California.  Plaintiffs are informed and believe and based thereon allege that

14  Defendant QUINONES resides within the Southern District of California.  Defendant

15  QUINONES is sued in her official capacity.

16        22.   Jim Cartmill ("CARTMILL") is a member of the Sweetwater Board of

17  Education.  As a Board Member, Defendant CARTMILL is responsible for the actions of the

18  Sweetwater School District and is responsible for ensuring that the District complies with

19  anti-discrimination laws.  Defendant CARTMILL is a resident of the State of California.

20  Plaintiffs are informed and believe and based thereon allege that Defendant CARTMILL

21  resides within the Southern District of California.  Defendant CARTMILL is sued in his

22  official capacity.

23        23.   Jaime Mercado ("MERCADO") is a member of the Sweetwater Board of

24  Education.  As a Board Member, Defendant MERCADO is responsible for the actions of the

25  Sweetwater School District and is responsible for ensuring that the District complies with

26  anti-discrimination laws.  Defendant MERCADO is a resident of the State of California.

27  Plaintiffs are informed and believe and based thereon allege that Defendant MERCADO

28

1  resides within the Southern District of California.  Defendant MERCADO is sued in her

2  official capacity.

3      24.  Greg R. Sandoval ("SANDOVAL") is a member of the Sweetwater Board of

4  Education.  As a Board Member, Defendant SANDOVAL is responsible for the actions of

5  the Sweetwater School District and is responsible for ensuring that the District complies with

6  anti-discrimination laws.  Defendant SANDOVAL is a resident of the State of California.

7  Plaintiffs are informed and believe and based thereon allege that Defendant SANDOVAL

8  resides within the Southern District of California.  Defendant SANDOVAL is sued in his

9  official capacity.

10                    **CLASS ACTION ALLEGATIONS**

11      25.  The named individual Plaintiffs bring this action on behalf of themselves and

12  on behalf of a class of all those similarly situated pursuant to Rule 23(a) and (b)(2) of the

13  Federal Rules of Civil Procedure.

14  **Definition**.

15      26.  Plaintiffs seek to represent a class of all present and future Castle Park High

16  School female students and potential students who participate, seek to participate, and/or are

17  deterred from participating in athletics at Castle Park High School.

18  **Numerosity**.

19      27.  The class is so numerous that joinder of all members is impractical.  The

20  plaintiffs are informed and believe and based thereon allege that there are more than 1,000

21  female students in grades 9 - 12 at Castle Park, including approximately one-third who

22  participate in interscholastic athletics.  It is unknown how many of these current female

23  students or how many future female students would seek to participate in interscholastic

24  athletics if additional opportunities were available.  Moreover, members of the class who

25  may suffer future injury are not capable of being identified at this time, as the class includes

26  future Castle Park female athletes and the class is constantly in flux, with students graduating

27  and new students attending Castle Park each year.

28

**Common Questions of Law and Fact.**

28.   Common questions of law and fact predominate, and include:  (a) whether female student athletes at Castle Park are receiving unequal treatment and benefits in comparison to the male student athletes; (b) whether female students at Castle Park are being deprived of equal opportunities to participate in sports; and (c) whether female student athletes at Castle Park are being retaliated against because of complaints about sex discrimination in athletics.

**Typicality.**

29.   The claims of the named Plaintiffs are typical of the claims of the class.  The types of discrimination and retaliation which Plaintiffs have suffered as a result of sex include (1) receipt of unequal treatment and benefits in Castle Park's sports program, and (2) exclusion from opportunities to participate in sports programs at Castle Park, and are typical of the sex discrimination and retaliation which members of the class have suffered, are suffering, and, unless this Court grants relief, will continue to suffer

30.   VERONICA OLLIER is a member of the proposed class in that she is a current female student athlete at Castle Park who is subjected to retaliation and to the discriminatory unequal treatment and benefits that the District provides to female student athletes.  VERONICA OLLIER has been subjected to sex-based discrimination and retaliation by all Defendants.

31.   NAUDIA RANGEL is a member of the proposed class in that she is a current female student athlete at Castle Park who is subjected to retaliation and to the discriminatory unequal treatment and benefits that the District provides to female student athletes. NAUDIA RANGEL has been subjected to retaliation and sex-based discrimination by all Defendants.

32.   MARITZA RANGEL is a member of the proposed class in that she will be a female student athlete at Castle Park for the 2007-2008 school year and will be subjected to the District's retaliation and its failure to accommodate the athletic interest and abilities of

Castle Park's female students, and to the unequal treatment and benefits that the District provides to female student athletes at Castle Park, if the District is not ordered to cease immediately its discriminatory and retaliatory actions and to remedy its past discriminatory and retaliatory conduct. MARITZA RANGEL faces sex-based discrimination and retaliation if all Defendants are not ordered to cease their unlawful acts.

33. AMANDA HERNANDEZ is a member of the proposed class in that she is a current female student athlete at Castle Park who is subjected to retaliation and to the discriminatory unequal treatment and benefits that the District provides to female student athletes. AMANDA HERNANDEZ has been subjected to retaliation and sex-based discrimination by all Defendants.

34. ARIANNA HERNANDEZ is a member of the proposed class in that she will be a female student athlete at Castle Park for the 2008-2009 school year and will be subjected to the District's retaliation and its failure to accommodate the athletic interest and abilities of Castle Park's female students, and to the unequal treatment and benefits that the District provides to female student athletes at Castle Park, if the District is not ordered to cease immediately its discriminatory and retaliatory actions and to remedy its past discriminatory and retaliatory conduct. ARAINNA HERNANDEZ faces sex-based discrimination and retaliation if all Defendants are not ordered to cease their unlawful acts.

**Adequacy of Representation.**

35. The named Plaintiffs are members of the proposed class and will fairly and adequately represent and protect the interests of the class. Plaintiffs intend to prosecute this action rigorously in order to secure remedies for the entire class. Counsel of record for Plaintiffs are experienced in state and federal civil rights litigation and class actions, including Title IX litigation.

**Injunctive and Declaratory Relief**

36. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final declaratory and injunctive relief with respect to the

1  class as a whole under Federal Rule of Civil Procedure 23(b)(2).

2  <div align="center">**STATEMENT OF FACTS**</div>

3       37.  Plaintiffs claim that Defendants have been and are discriminating and

4  retaliating against present and future female students at Castle Park in violation of Title IX

5  and the United States Constitution.

6       38.  Defendants were put on notice of their illegal discrimination and retaliation

7  against girls.  Both parents and students complained about Title IX violations and/or unfair

8  treatment for female athletes.  In or around May 2006, in response to a complaint about Title

9  IX violations Defendant MOORE stated that softball Coach Chris Martinez, a highly

10  qualified and well-loved softball coach, could be fired at any time for any reason.

11  Undeterred by this threat, Plaintiffs continued to press for improvements to girls' athletics

12  programs at Castle Park.  Mr. Martinez was terminated, as threatened, on Wednesday, July

13  19, 2006.

14       39.  Defendants were again put on notice of their discriminatory and retaliatory

15  conduct and actions when Plaintiffs' counsel sent a letter to the School Board, Interim

16  Superintendent, Principal, and Athletic Director on or about July 27, 2006.  However, the

17  discrimination and retaliation against female athletes has continued.

18  **SEX-BASED DISCRIMINATION IN ATHLETIC TREATMENT AND BENEFITS.**

19       40.  The District and the individual Defendants have unlawfully discriminated

20  against female student athletes with respect to athletic treatment and benefits in areas

21  including, but not limited to: practice and competitive facilities; locker rooms; training

22  facilities; equipment and supplies; travel and transportation, coaches and coaching facilities;

23  scheduling of games and practice times; publicity; and funding.

24  <div align="center">**Practice and Competitive Facilities**</div>

25       41.  The Defendants provide inequitable practice and competitive facilities to

26  female student athletes.  In addition, the District and the individual Defendants discriminate

27  against female student athletes in that they fail to properly maintain the facilities provided to

28

<div align="center">10</div>

1   them.

2   *Baseball and Softball Facilities.*

3   42.   The girls' softball team has inadequate, and at times dangerous, practice and

4   competitive facilities.  Some of the girls have gotten hurt because of the fields' condition.

5   43.   Castle Park does not adequately maintain the girls' fields.  In the past, the girls

6   have been forced to clean up animal feces and used condoms because of the School's lack of

7   maintenance.  The girls also have had to drag the fields.  The girls presently have not been

8   provided with any equipment to maintain the fields and therefore the fields have not been

9   properly maintained.  There have been water leaks on the field that have interfered with the

10  Plaintiffs' ability to practice and play softball.

11  44.   Physical education ("P.E.") classes play on the girls' softball fields but not on

12  the baseball field.  A number of boys' teams, including freshman baseball and boys' soccer,

13  practice on the softball outfield.

14  45.   Because the junior varsity and varsity fields are next to each other, it is

15  difficult to have practice and games on both fields at the same time.  A parent asked if the

16  girls' softball team could play on the football practice field, but was told they could not.

17  46.   The girls' softball fields' bleachers are inadequate in quality in quantity as

18  compared to the bleachers provided at the baseball field.

19  47.   Castle Park has not provided the girls' softball team with an adequate batting

20  cage.  The boys' team has at least two batting cages.  The girls fundraised and built a batting

21  cage themselves, but other students have climbed on it and ruined it.

22  48.   The girls' dugout had no roof until this year (when a roof was attached), so the

23  girls have had to sit outside in the sun or rain.  The roof that was installed is inadequate to

24  protect the girls from the elements and is inferior to the boys' cinderblock dugouts.  The

25  benches in the girls' dugout are inferior in quality to the benches in the boys' dugout.  The

26  boys' dugout has secure storage whereas the girls' dugout does not.  The girls' dugout had a

27  dirt floor until the coaches paid out of their own pocket to have concrete poured for the

28

1   dugout floor.

2       49.  The girls' fields are not fully fenced in or locked.  Because the fields are not

3   fenced, people walk on the fields during practice and game times.

4       50.  The girls' teams do not have meaningful access to adequate restroom facilities

5   when they are practicing or playing games.

6       51.  In contrast, the boys' baseball fields are level and well-maintained.  The field

7   has a sprinkler system.  The boys' fields have multiple sets of bleachers, and the fields are

8   fully enclosed and locked by security fencing.  Castle Park has also provided the baseball

9   team with a bullpen, two lighted batting cages, two cinderblock dugouts, a rollaway

10  backstop, a large backstop, and a baseball snackstand.

11  *Roller Hockey*

12      52.  In approximately 2002 Castle Park built a new roller hockey rink at the cost of

13  approximately $500,000.  This facility provides an exclusive, state-of-the-art boys-only

14  facility for male athletes at Castle Park.

15  *Soccer*

16      53.  Girls' soccer primarily plays on the softball outfield whereas boys' soccer

17  primarily plays on the football field which is a superior field.

18      **Locker Rooms.**

19      54.  The Defendants provide inequitable locker rooms and related storage and

20  meeting facilities to female student athletes.  In addition, the District and the individual

21  Defendants discriminate against female student athletes in that they fail to properly maintain

22  the facilities provided to them.

23      55.  Defendants fail to provide adequate locker room facilities (including athletic-

24  sized locker) for girls' athletic teams.  The school-provided storage container was not

25  adequately secured and was broken into, and the girls' equipment was stolen.  The girls'

26  coach personally paid for and provided a secure storage container (old manure container).

27  When their coach was terminated, he was asked to remove that storage container and he did

28

                                                12

1   so at his expense. The girls currently have a very small storage container.

2   56. Male football players have access to the football locker room. This locker

3   room has full-sized lockers, large enough for the boys to store their equipment in.

4   57. Boys' baseball has storage space in their dugout and in a Connex box by the

5   batting cage.

6   58. In addition to locker rooms, Castle Park also has provided the boys' basketball

7   coach with his own office and meeting room. The girls' basketball coach has no comparable

8   office/meeting room.

9   59. The football team has a TV/VCR in the coach's office. Girls are not afforded

10  any comparable amenities.

11  **Training Facilities.**

12  60. The Defendants provide inequitable training facilities to female student

13  athletes.

14  61. During boys' football games, Castle Park provides ice and a cart for taking

15  injured players off the field. These medical services are not provided for girls' games. The

16  softball team does not have any water at all unless they provide it themselves. The football

17  team has a trainer, none of the girls' teams do.

18  62. Castle Park has only one weight room. Boys' teams have regular access to the

19  weight room. No girls' teams have regular weight room access.

20  **Equipment and Supplies.**

21  63. Plaintiffs are informed and believe and based thereon allege that defendants

22  provide inequitable equipment and supplies to female student athletes as compared to male

23  athletes.

24  **Travel and Transportation.**

25  64. Plaintiffs are informed and believe and based thereon allege that Defendants

26  provide inequitable transportation vehicles to female student athletes as compared to male

27  athletes.

28

13

**Coaches and Coaching Facilities**.

65.   Plaintiffs are informed and believe and based thereon allege that Defendants provide inequitable coaches and coaching facilities to female student athletes as compared to male athletes.

66.   For the Spring 2007 Softball season, Defendants have barred parents with the proper credentials from assisting with softball coaching and have barred parents from running a snackstand during softball games and have barred any parent involvement. However, this policy has not been applied to parents of male athletes.

67.   Plaintiffs are informed and believe and based thereon allege that Defendants provide inequitable office space to coaches of female teams as opposed to male teams.

**Scheduling of Games and Practice Times**.

68.   Plaintiffs are informed and believe and based thereon allege that defendants have failed to provide girls with equitable scheduling of games and practice times as compared to male athletes.

**Publicity**.

69.   Plaintiffs are informed and believe and based thereon allege that defendants fail to provide girls with equitable publicity as compared to male athletes.

**Funding**.

70.   Plaintiffs are informed and believe and based thereon allege that defendants fail to provide girls with equitable funding as compared to male athletes.

**FAILURE TO EFFECTIVELY ACCOMMODATE FEMALE STUDENTS' INTEREST AND ABILITIES IN ATHLETICS.**

71.   The District and the individual District Defendants have discriminated, and continue to discriminate, against female students by failing to provide them with equal athletic participation opportunities, despite their demonstrated athletic interest and abilities to participate in sports.

72.   For the 2006-2007 school year, girls were approximately 47 percent of the

1    population at Castle Park; however, plaintiffs are informed and believe and based thereon

2    allege that girls do not receive equitable opportunities to participate, despite having the

3    interest and abilities to participate in greater numbers.

4           73.   The failure to provide girls with participation opportunities substantially

5    proportionate to their representation in Castle Park's student body, despite their interest and

6    abilities to participate, has occurred without justification or defense by the District.  The

7    District has no history and continuing practice of expanding its athletic programs in response

8    to the developing interests and abilities of female students.  In fact, in approximately 2004,

9    the District cut the sport of field hockey despite having female interest in playing the sport.

10          74.   Defendants' failure to provide adequate participation opportunities and the

11   full range of teams for girls' sports severely limits girls' participation in sports and

12   discourages interested girls from going out for sports.

13          **Girls' Softball.**

14          75.   The District has sponsored only 2 softball teams for female students at Castle

15   Park (JV and Varsity), while it has sponsored 3 baseball teams for boys (Fresh/Soph, JV and

16   Varsity).  As a result, the District offers significantly more participation opportunities to boys

17   than to girls.

18          76.   Without a frosh/soph softball team, girls who need more seasoning before

19   they are capable of performing at the varsity level are forced to play on an overlarge junior

20   varsity team and thereby denied opportunities to play.  Older girls are also affected by lack of

21   adequate participation opportunities by being force to play on an overlarge junior varsity

22   team.

23          **Additional Girls' Sports.**

24          77.   The Plaintiffs are informed and believe and based thereon allege that the

25   District denies to female student athletes equal athletic participation opportunities by failing

26   to provide opportunities in additional girls' sports.

27

28
                                        15

### FIRST CLAIM FOR RELIEF
Unequal Treatment and Benefits in Athletic Programs
in Violation of Title IX of the Education Amendments of 1972
Against Defendant Sweetwater School District

78. Plaintiffs restate and incorporate by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

79. Title IX, enacted in 1972, provides in relevant part: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance ...." 20 U.S.C. § 1681(a).

80. Since the passage of Title IX, the District has received and continues to receive federal financial assistance and the benefits therefrom. Therefore, all programs in the Sweetwater Union High School District, including the athletic programs, are subject to the requirements of Title IX. 20 U.S.C. § 1687.

81. Title IX's implementing regulations provide that "No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, be treated differently from another person or otherwise be discriminated against in any interscholastic, intercollegiate, club or intramural athletics offered by a recipient, and the recipient shall provide any such athletics separately on such basis." 34 C.F.R. § 106.41(a).

82. Under Title IX, schools must provide "equal treatment and benefits" to members of both sexes in their athletic programs. 44 Federal Register 71,413 (1979), the Department of Education, Office of Civil Rights' 1979 Policy Interpretation (the "Policy Interpretation").

83. Equal treatment and benefits is assessed based on an overall comparison of the male and female student athletic programs, including an analysis of the following factors, among other considerations: "The provision of equipment and supplies; Scheduling of games and practice time; Opportunity to receive coaching . . .; Assignment and compensation of coaches . . .; Provision of locker rooms, practice and competitive facilities; Provision of ... training facilities; Publicity" and a school's "failure to provide necessary funds for teams for

16

1    one sex." 34 C.F.R. § 106.41(c) (2) – (10).

2         84.   The regulations required that sponsors of interscholastic athletics comply with

3    the regulations within three years of their effective date, or by July 21, 1978. The regulations

4    further require that sponsors of interscholastic athletics take such remedial actions as are

5    necessary to overcome the effects of sex discrimination in violation of Title IX.  34 C.F.R.

6    §106.3(a).

7         85.   Plaintiffs are informed and believe and based thereon allege that the District

8    has not taken remedial actions and that any remedial actions which the District has taken in

9    the past thirty (30) years have been insufficient to satisfy the District's obligations under

10   Title IX.

11        86.   The District has intentionally violated Title IX by knowingly and deliberately

12   discriminating against female students, including Plaintiffs, by, among other things, failing to

13   provide female student athletes at Castle Park with treatment and benefits that are

14   comparable to the treatment and benefits provided to male student athletes in areas including,

15   but not limited to: practice and competitive facilities, training facilities, locker rooms,

16   coaches and coaching facilities, scheduling of games and practice times, publicity, and

17   funding.

18        87.   The inequitable treatment of female and male student athletes at Castle Park,

19   as detailed above, demonstrates the District's intentional and conscious failure to comply

20   with Title IX.  The District's conduct has persisted despite the information provided by and

21   the requests made by Plaintiffs and other individuals, and despite the mandates of the

22   relevant Title IX regulations, particularly 34 C.F.R. §§ 106.31 and 106.41, and the Policy

23   Interpretation.

24        88.   Plaintiffs and other individuals have informed the District that its actions

25   constitute violations of Plaintiffs' Title IX rights.  The District has failed to remedy or

26   address its violations.

27        89.   As a proximate result of these unlawful acts, the Plaintiffs and others similarly

28

                                        17

1  situated have suffered and continue to suffer irreparable injury.

2      90.  The Plaintiffs and others similarly situated are entitled to relief, including

3  declaratory relief and injunctive relief.

4      91.  Counsel for the Plaintiffs and the proposed class of similarly situated

5  individuals are entitled to attorneys' fees and costs.

6  <center>**SECOND CLAIM FOR RELIEF**
Unequal Participation Opportunities in Athletic Programs
in Violation of Title IX of the Education Amendments of 1972
Against Defendant Sweetwater School District</center>

7

8

9      92.  Plaintiffs restate and incorporate by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

10

11      93.  Under Title IX, schools must provide both sexes "equivalent participation opportunities (including both the number of opportunities and whether the selection of sports

12  and the level of competition effectively accommodate the interests and abilities of members

13  of both sexes)."  44 Federal Register 71,413, the Policy Interpretation.

14      94.  Compliance in the area of equivalent participation opportunities must be

15  determined by a three-part test:

16      (1) whether intercollegiate level participation opportunities for male and female

17  students are provided in numbers substantially proportionate to their respective

18  enrollments;

19      (2) where the members of one sex have been and are under-represented among

20  intercollegiate athletes, whether the institution can show a history and continuing

21  practice of program expansion which is demonstrably responsive to the developing

22  interest and abilities of the members of that sex; or

23      (3) where the members of one sex are under-represented among intercollegiate

24  athletes and the institution cannot show a continuing practice of program expansion

25  such as that cited above, whether it can be demonstrated that the interests and abilities

26  of the members of that sex have been fully and effectively accommodated by the .

27

28

<center>18</center>

1    present program.

2    44 Fed. Reg. 71,418, the Policy Interpretation. (Although the Policy Interpretation refers to

3    "intercollegiate" sports, it is applicable to all recipients of federal education funds, including

4    high schools and is thus, applicable to interscholastic high school sports as well as

5    intercollegiate sports. 34 C.F.R. § 106.11.)

6          95.  The District has failed to comply with each of the three (3) parts of the test for

7    determining the equal opportunity to participate in athletics under Title IX. Specifically,

8    Plaintiffs are informed and believe and based thereon allege that the ratio of female to male

9    athletes at Castle Park is not substantially proportionate to the overall ratio of enrolled female

10    and male students at Castle Park and that the interests and abilities of the female students at

11    Castle Park have not been fully and effectively accommodated by the present program.

12    Further, the District cannot show "a history and continuing practice of program expansion

13    which is demonstrably responsive to the developing interest and abilities" of Castle Park's

14    female students.

15          96.  Rather, female students have historically been and continue to be under-

16    represented in Castle Park's athletics program. Despite this under-representation and despite

17    the interest and abilities of the female students to participate on additional teams, the District

18    has not adequately expanded its girls' athletics program as female students' interests and

19    abilities have demanded.

20          97.  Plaintiffs and parents have on numerous occasions informed the District that

21    its actions discriminate against female students and that these actions constitute violations of

22    Plaintiffs' Title IX rights to have their interest and abilities effectively accommodated.

23    Despite the fact that Plaintiffs have drawn these inequities to the attention of the District, it

24    has knowingly and consciously continued to fail and refuse to take necessary actions to

25    remediate existing violations, even though Title IX mandates that they do so. The fact that

26    Defendant persists in refusing to provide these athletic participation opportunities

27    demonstrates Defendant's intentional and conscious failure to comply with Title IX.

28

98.   Defendant's conduct has persisted despite the information provided by and the requests made by Plaintiffs and other individuals and despite the mandates of federal anti-discrimination law.

99.   As a proximate result of these unlawful acts, the Plaintiffs and others similarly situated have suffered and continue to suffer irreparable injury.

100.   The Plaintiffs and others similarly situated are entitled to relief, including declaratory relief and injunctive relief.

101.   Such injunctive relief may include, but is not limited to, the provision of the full range of teams and participation slots in existing sports, with teams for freshmen, sophomore, junior varsity, and varsity-level female student athletes.

102.   Counsel for the Plaintiffs and the proposed class of similarly situated individuals are entitled to attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
Retaliation in Violation of Title IX of the Education Amendments of 1972
Against Defendant Sweetwater School District

103.   Plaintiffs restate and incorporate by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

104.   Title IX and its implementing regulations prohibit retaliation for complaints of sex discrimination.  20 U.S.C. § 1681; 34 C.R.R. § 100.7(e); *see also Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 174, 178, 183 (2005).

105.   After plaintiffs and parents complained of sex discrimination, the district retaliated against plaintiffs by, *inter alia*, terminating the well-liked softball coach, barring parents from running a snackstand during softball games, and barring qualified parents from assisting with softball coaching.

106.   Defendant's conduct has persisted despite the well-settled mandates of federal anti-discrimination law.

107.   As a proximate result of these unlawful acts, the Plaintiffs and others similarly situated have suffered and continue to suffer irreparable injury.

108.     The Plaintiffs and others similarly situated are entitled to relief,
including declaratory relief and injunctive relief.

109.     Counsel for the Plaintiffs and the proposed class of similarly situated
individuals are entitled to attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
Sex-Based Discrimination in Violation of
the Fourteenth Amendment to the United States Constitution
42 U.S.C. § 1983
Against All Individual Defendants in Their Official Capacities

110.     Plaintiffs restate and incorporate by reference, as though fully set forth
herein, the allegations contained in the preceding paragraphs.

111.     The Equal Protection Clause of the Fourteenth Amendment to the
United States Constitution prohibits state actors from discriminating on the basis of sex.

112.     Under 42 U.S.C. § 1983, certain Defendants may be held liable for
their actions in violating Plaintiffs' rights under the Fourteenth Amendment.

113.     By failing to provide female student athletes with the same treatment
and benefits as the male student athletes (as detailed above) and by failing to provide equal
athletic participation opportunities for female students, the individual District Defendants
have purposely discriminated against female students, including the named Plaintiffs, on the
basis of sex and have intentionally deprived them of their rights to equal protection secured
by the Fourteenth Amendment to the Constitution.

114.     Defendant WEINS, as the principal at Castle Park, has failed to add
sufficient athletic participation opportunities for female students or to remedy the unequal
treatment and benefits received by Castle Park's female student athletes – despite the history
of numerous complaints of the named Plaintiffs and other individuals.  Therefore, Defendant
WEINS's actions constitute a knowing disregard for Plaintiffs' constitutional rights.

115.     Defendant MOORE, as Athletic Director at Castle Park, has failed and
refused to add sufficient athletic participation opportunities for female students or to remedy
the unequal treatment and benefits received by Castle Park's female student athletes – despite

21

the numerous complaints of the named Plaintiffs and other individuals.  Defendant

MOORE's actions constitute a knowing disregard for Plaintiffs' constitutional rights.

116.     When the herein named Defendants engaged in the improper actions

described above, they were acting as state actors and under color of law for purposes of 42

U.S.C. § 1983 and were acting in violation of the Equal Protection Clause.

117.     As a proximate result of these unlawful acts, the Plaintiffs and others

similarly situated have suffered and continue to suffer irreparable injury.

118.     The Plaintiffs and others similarly situated are entitled to relief,

including declaratory relief and injunctive relief.

119.     Counsel for the Plaintiffs and the proposed class of similarly situated

individuals are entitled to attorneys' fees and costs.

## DECLARATORY RELIEF ALLEGATIONS

120.     Plaintiffs restate and incorporate by reference, as though fully set forth

herein, the allegations contained in the preceding paragraphs.

121.     A present and actual controversy exists between Plaintiffs and

Defendants concerning their rights and respective duties.  The Plaintiffs contend that the

Defendants have violated their rights, and the rights of those similarly situated, under federal

and state anti-discrimination laws.  The Plaintiffs are informed and believe and based thereon

allege that the Defendants deny these allegations.  Declaratory relief is therefore necessary

and appropriate.

## INJUNCTIVE RELIEF ALLEGATIONS

122.     Plaintiffs restate and incorporate by reference, as though fully set forth

herein, the allegations contained in the preceding paragraphs.

123.     No plain, adequate, or complete remedy at law is available to the

Plaintiffs to redress the wrongs addressed herein.

124.     If the court does not grant the injunctive relief sought herein, the

1    Plaintiffs, and others similarly situated, will be irreparably harmed.

2                              **PRAYER FOR RELIEF**

3    WHEREFORE Plaintiffs respectfully pray that this Court:

4          (1)     Certify the proposed class of plaintiffs;

5          (2)     Enter an order declaring that the District has retaliated against and

6    discriminated against female students on the basis of sex in violation of Title IX and the

7    regulations promulgated thereunder (including both unequal treatment and benefits and

8    unequal participation opportunities);

9          (3)     Enter an order declaring that the individual Defendants have discriminated

10   against female students on the basis of sex in violation of the Equal Protection Clauses of the

11   Fourteenth Amendment to the United States Constitution as enforced by 42 U.S.C. § 1983;

12         (4)     Issue a permanent injunction restraining the Defendants and their officers,

13   agents, employees, successors, and any other persons acting in concert with them, from

14   retaliating against and discriminating against female students on the basis of sex;

15         (5)     Issue a permanent injunction requiring the District and the individual

16   Defendants to remediate their violations of state and federal laws prohibiting sex

17   discrimination by, among other required actions, providing female student athletes with

18   treatment and benefits comparable to those provided to male athletes, and affording female

19   students the equal opportunity to participate in school-sponsored sports;

20         (6)     Award counsel for Plaintiffs reasonable attorneys' fees and costs, pursuant to

21   28 U.S.C. § 1988 and any other applicable provisions of federal law; and

22   //

23   //

24   //

25   //

26   //

27   //

28

1    (7)    Order such other and further relief as the Court deems appropriate.

2    Dated:  April 18, 2007

3

4                                              Respectfully submitted,

5                                              Vicky L. Barker
                                               CALIFORNIA WOMEN'S LAW CENTER

6
                                               Patricia Shiu
7                                              Elizabeth Kristen
                                               LEGAL AID SOCIETY-EMPLOYMENT
8                                              LAW CENTER

9

10                                             By: _____
                                                   Elizabeth Kristen
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       24

JS44
(Rev. 07/89)

**CIVIL COVER SHEET**

sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

'07 CV 0714 FILE (WMC)

07 APR 19 AM 9: 19

SOUTHERN U.S. DISTRICT COURT
DISTRICT OF CALIFORNIA
BY [DEPUTY]

**I (a) PLAINTIFFS**
VERONICA OLLIER, NAUDIA RANGEL, by her next friends Steve and
Carmen Rangel; MARITZA RANGEL, by her next friends Steve and
Carmen Rangel; AMANDA HERNANDEZ, by her next friend Armando Hernandez;
ARIANNA HERNANDEZ, by her next friend Armando Hernandez, individually
and on behalf of all those similarly situated,

**DEFENDANTS**
SWEETWATER UNION HIGH SCHOOL DISTRICT; ARLIE N. RICASA,
PEARL QUINONES, JIM CARTMILL, JAIME MERCADO,
GREG R. SANDOVAL, JESUS M. GANDARA, PEARL WEINS, and
RUSSELL MOORE, in their official capacities,

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** San Diego
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND
INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, A...**
Vicky L. Barker SBN 119520

CALIFORNIA WOMEN'S LAW CENTER
6300 Wilshire Blvd., Suite 980
Los Angeles, CA 90010
Telephone: (323) 951-9276
Facsimile: (323) 951-9870

Patricia Shiu SBN 104894
Elizabeth Kristen SBN 218227
THE LEGAL AID SOCIETY-
EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848
Facsimile: (415) 864-8199

**ATTORNEYS (IF KNOWN)**

Mary T. Hernandez
Garcia, Calderon, Ruiz, LLP
625 Broadway, Suite 900
San Diego, CA 92101

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in
Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)** **FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE
JURISDICTIONAL STATUTES UNLESS DIVERSITY).** 20 U.S.C. section 1681 et seq.; 42 U.S.C.
section 1983. Sex discrimination in high school athletics.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION
UNDER f.r.c.p. 23

**DEMAND** to be proven
at trial.

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____ Docket Number _____

DATE 4/18/07    SIGNATURE OF ATTORNEY OF RECORD [signature]

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

137313   Ser $350   4/19/07

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 137313 - A2
April 19, 2007

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| CV886900 | 3-07-CV-0714 | | 60.00 CH |
| Judge | - LORENZ | | |
| CV886400 | | | 100.00 CH |
| CV510000 | | | 190.00 CH |

Total-> 350.00

FROM: CIVIL FILING
OLLIER ET AL V. SWEETWATER
UNION HIGHSCHOOL DISTRICT ETAL
BCH 29523  SH