UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA OLLIER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SWEETWATER UNION HIGH SCHOOL DISTRICT, *et al.*, <br><br> Defendants. | Civil No. 07cv714-L(WMc) <br><br> **ORDER GRANTING MOTION FOR CLASS CERTIFICATION [doc. #41]** |

Plaintiffs move for class certification under Federal Rule of Civil Procedure 23(a) and (b)(2).  Plaintiffs are Castle Park High School ("CPHS") female students who participate or could participate in athletics at the school.  CPHS is in the Sweetwater Union School District.  The female students contend that because of school-wide practices at CPHS, they have been discriminated against by being forced to use "substandard, dirty and dangerous facilities" in stark contract to the male facilities.  (Ptfs' MPA[1] at 1.)  Plaintiffs also state that they receive less financial support, have less access to coaching and services, less desirable competition schedules, and far fewer participation opportunities than provided to male students.   Their claims are brought under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, and the Equal Protection clause of the Fourteenth Amendment to the United States

---

[1] Reference to a memorandum of points and authorities is indicated by "MPA".

Constitution. Defendants oppose the motion even though they agree that plaintiffs have met the requirements for class certification set forth in Rule 23(a) and (b)(2).

## Class Definition

Plaintiffs seek to certify the following class:

> All present and future CPHS female students and potential students who participate, seek to participate, and/or are or were deterred from athletics at CPHS.

*Id.*

## Legal Standard for Class Certification

All class actions in federal court must meet the following four prerequisites for class certification: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a).

In addition, a plaintiff must comply with one of three sets of conditions set forth in Rule 23(b). Plaintiffs seek to have the class certified under Rule 23(b)(2), whereby a plaintiff may maintain a class when the defendant has acted in a manner applicable to the entire class, making injunctive or declaratory relief appropriate.

In analyzing whether a plaintiff has met his burden to show that the above requirements are satisfied, a court is to "analyze[ ] the allegations of the complaint and the other material before [the court]," *i.e.,* "material sufficient to form reasonable judgment on each [Rule 23] requirement." *Blackie v. Barrack*, 524 F.2d 891, 900-01 (9th Cir. 1975) (noting further that a court is to take the substantive allegations in the complaint as true). Although a court should not conduct a hearing on the merits of the plaintiffs' claims when determining class certification, *see Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1232 (9th Cir. 1996), the issue of certification will ordinarily consider both factual and legal issues of plaintiff's claims. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978). Thus, "notwithstanding its obligation to take the allegations in the complaint as true, the Court is at liberty to consider evidence which goes to the requirements of Rule 23 even though the evidence may also relate to the underlying merits of the case." *In re Unioil Secs. Litig.*, 107 F.R.D. 615, 618 (C.D. Cal.1985). "As the party seeking

class certification, [plaintiff] bears the burden of demonstrating that she has met *each* of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *See Zinser* v. *Accufix Research Inst.*, 253 F.2d 1180, 1186 (9th Cir. 2001).

## Discussion

### A.     Rule 23 Factors

In their responsive memorandum, defendants concede that plaintiffs have met all the requirements of Rule 23(a), *i.e.,* numerosity, commonality, typicality and adequacy. They also acknowledge that plaintiffs have met the requirement of Rule 23(b)(2): defendants have acted in a manner applicable to the entire class, making injunctive or declaratory relief appropriate. (Dfts' Opp. at 3, 6.) Notwithstanding the admitted satisfaction of Rule 23 factors, defendants note that the Court has "discretion to deny the motion based upon other considerations bearing on the issues, such as the "need" or "necessity" for class certification. *Id.*

### B.     Need for Class Certification

In opposing plaintiffs' motion for class certification, defendants argue that the Court may consider issues not addressed by Rule 23 – specifically, the necessity or need for class certification. Defendants contend that a class in this case is unnecessary because all class members will benefit from an injunction issued on behalf of the named plaintiffs even if the class is not certified. In essence, defendants contend "for all practical purposes," the relief requested can be obtained through an individual injunction without the "complications of a class action" and its attendant formality. *Id.* at 7, 8.

There is no requirement in the Ninth Circuit that the "need" for an injunction be considered in certifying a class. But even if the Court conducted a "necessity" analysis here, plaintiffs are in need of class certification. As plaintiffs correctly advance, a certified class action is the proper method for class-wide injunctive relief. *Zepeda v. INS*, 753 F.2d 719, 728 n.1 (9th Cir. 1983). Because this case concerns students who may, *inter alia*, move, transfer or graduate, mootness is an important and real concern. Granting class certification also suspends the statute of limitations as to all individuals who could be members of the class. Any class member may seek to enforce a judgment. Because class actions require court approval of the

settlement, class members obtain additional protection in the form of notice to the class. Certification would also permit consideration of evidentiary materials that could otherwise be excluded.[2] Although defendants contend class treatment will needlessly complicate and hinder judicial efficiency, they make no showing that is an accurate assessment here.

**Conclusion**

The Court declines to invoke the "need" factor in determining whether class certification is appropriate. But even when necessity is considered, class certification is warranted in this case for the reasons set forth above. Based on the foregoing, plaintiffs' motion for class certification is **GRANTED**.

**IT IS SO ORDERED.**

DATED: August 25, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[2] Plaintiffs note that Field Hockey is not being offered at CPHS but there is evidence that interest is sufficient in the sport to field a team. In the absence of a certified class, such evidence could properly be excluded.