UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA OLLIER, *et al.*, <br><br>    Plaintiffs, <br><br> v. <br><br> SWEETWATER UNION HIGH SCHOOL DISTRICT, *et al.*, <br><br>    Defendants. | Civil No. 07cv714-L(WMc) <br><br> **ORDER DENYING MOTION FOR ADVISORY JURY [doc. #107]** |

Defendants move for an advisory jury in this action brought under Title IX.[1] Plaintiffs oppose the motion. Defendants have not filed a reply to the opposition. This motion has be submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, defendants' motion is denied.

Under Title IX, the discrimination claims brought by plaintiffs are solely equitable and are not triable by a jury as of right. 20 U.S.C. § 1681, *et seq.* Nevertheless, Federal Rule of Civil Procedure 39 provides for an advisory jury:

/ / /

---

[1] The Court notes that throughout this litigation, which commenced on April 19, 2007, defendants did not request an advisory jury. Instead, at the final pretrial conference on December 14, 2009, defendants raised the issue for the first time with the Court. Although well past the time for the filing of motions, the Court permitted the filing of this motion and briefing on the issue.

> (c) Advisory Jury; Jury Trial by Consent. In an action not triable of right by a jury, the court, on motion or on its own:
>
> (1) may try any issue with an advisory jury;

FED. R. CIV. P. 39(c)(1).

In seeking an advisory jury, defendants suggest that representatives from the San Diego County community would "provide a unique perspective on the facts of the case that, although not binding, certainly can help the Court reach conclusions on the numerous issues that face the Court in this case. (Dfts' Ps&As at 2.) Specifically, defendants believe that incorporating the "public's views of gender equity and experience with school facilities . . . [would] provide the Court with valuable guidance in making its own findings and conclusions."
(*Id.* at 3.) According to defendants, the factual issues are complex and the "issues will also be determinative of the future of Castle Park athletics." Defendants assert community involvement with the determination of facts would assist the Court in properly viewing the facts as they are applied to the legal issues.

Plaintiffs oppose the motion because an advisory jury would add unnecessary expense, time and complexity to a case that has no special factors or extraordinary circumstances present. The Court concurs.

Further, defendants' subtle suggestion that the legal issues presented in this case should be influenced by community beliefs about the funding of sports programs in the local schools or gender equality is inconsistent with the intent of Title IX enforcement. An advisory jury would not assist the Court in fact finding in this case.

Based on the foregoing, defendants' motion for an advisory jury is **DENIED.**

**IT IS SO ORDERED.**

DATED: April 15, 2010

M. James Lorenz
United States District Court Judge

///

///

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL