1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   VERONICA OLLIER, *et al.*,              )     Civil No. 07cv714-L(WMc)
                                             )
12                        Plaintiffs,        )     **ORDER GRANTING MOTION TO**
                                             )     **EXCLUDE EXPERT TESTIMONY;**
13   v.                                      )     **and GRANTING MOTION TO**
                                             )     **EXCLUDE 38 WITNESSES**
14   SWEETWATER UNION HIGH                   )
     SCHOOL DISTRICT, *et al.*,              )     **[doc. nos. #111,  126]**
15                                           )
                          Defendants.        )
16   _____        )

17        Currently pending are plaintiffs' motions to exclude defendants' expert witnesses Peter

18   Schiff and Penny Parker and to exclude 38 of defendants' witnesses.  The motions have been

19   fully briefed and were heard on April 26, 2010.[1]

20        **A.    Motion to Exclude Defendants' Expert Witnesses**

21        Defendants have designated Peter Schiff and Penny Parker as expert witnesses in this

22   action.  Plaintiffs seek to have them excluded because they fail to meet the standard under the

23   Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*

24        **1.    Legal Standard for Determining the Admissibility of Expert Testimony**

25        Rule 702 of the Federal Rules of Evidence provides that:

26        If scientific, technical, or other specialized knowledge will assist the trier of fact to

27

28   _____
          [1]    The Court heard argument and takes under submission defendants' motion to strike
     plaintiffs' third cause of action for Retaliation.

understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

As the Supreme Court explained, Rule 702 requires trial courts to act as a gatekeeper "to ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993). The *Daubert* Court set forth a two-prong test trial courts must apply in deciding the admissibility of expert testimony: (1) whether the proffered expert testimony is based on "principles and methodology" that are "scientific" and, therefore, reliable, and (2) whether the expert's testimony is relevant by being "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Id.* at 591, 595.

Relevant expert testimony is admissible only if an expert knows of facts which enable him to express a reasonably accurate conclusion. *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir. 1988). Opinions derived from erroneous data are appropriately excluded. *Slaughter v. Southern Talc Co.*, 919 F.2d 304 (5th Cir. 1990). Both the determination of reliability itself and the factors taken into account are left to the discretion of the district court consistent with its gatekeeping function under Federal Rule of Evidence 702. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999)

As the Ninth Circuit discussed in *U.S. v. Hankey*:

[The] admissibility of expert opinion testimony generally turns on the following preliminary question of law determinations by the trial judge under FRE 104(a).

Whether the opinion is based on scientific, technical, or other specialized knowledge;

Whether the expert's opinion would assist the trier of fact in understanding the evidence or determining a fact in issue;

Whether the expert has appropriate qualifications – *i.e.*, some special knowledge, skill, experience, training or education on that subject matter. FRE 702; *Jones v. Lincoln Elec. Co.*, 188 F.3d 709 (7th Cir.1999); *see Wilson v. Woods*, 163 F.3d 935 (5th Cir. 1999) (expert in fire reconstruction unqualified as expert in auto accident reconstruction).

Whether the testimony is relevant and reliable. *Unisys Sav. Plan Litig.*, 173 F.3d 145, 155 (3rd Cir. 1999); *Kumho Tire*, 119 S.Ct. at 1174-75.

Whether the methodology or technique the expert uses "fits" the conclusions (the expert's credibility is for the jury). *See General Elec. Co. v. Joiner*, 522 U.S. 136 (1997).

*U.S. v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000)

## 2.    Discussion

Plaintiffs seek to exclude the expert testimony of Peter Schiff and Penny Parker who are expected to testify as to whether defendants failed to provide equal treatment and benefits to female students at CPHS.

### a.    Peter Schiff

Mr. Schiff has been designated to offer expert testimony about the quality of athletic facilites, access to training rooms, access to coaching staff, access to promotional support, and access to financial support.  Defendants also states that he is an expert in public school finances. Although currently retired, Mr. Schiff previously served as a teacher, administrator and was Superintendent of the Ramona Unified School District.

Plaintiffs' first objection to Mr. Schiff's opinions about the educational needs of students and the impact on schools of diminishing funding are is not relevant:  public school finance and declining budgets are not at issue in a Title IX claim for failure to provide equal treatment and benefits to the class.

As a second objection, plaintiffs state that Mr. Schiff used no reliable methodology.  "As the advisory committee notes to Rule 702 explain, . . . expert testimony is admissible provided that 'the principles and methods [used by the expert] are reliable and applied reliably to the fact of the case.'" *United States v. Freeman*, 498 F.3d 893, 901 (9th Cir. 2007)(citing Fed. R. Civ. P. 702 advisory committee's notes (2000 amendments)).  Having reviewed Mr. Schiff's expert reports, the Court cannot discern what, if any, method he employed in arriving at his opinions. His conclusions appear to be based on his personal opinions and speculation rather than on a systematic assessment of defendants' athletic facilities and programs at CPHS.  It was only after his initial expert report was presented that he visited the softball fields but the visit was out of

season, and he failed to compare the entire softball and baseball facilities.  His second site visit was also superficial.  He neglected to examine both baseball dugouts, baseball storage facilities or maintenance equipment, or the baseball batting cages.  His examination of the softball facilities also lacked depth, *e.g.*, he failed to make a comparison between the baseball and softball dugouts, and failed to go inside the girls' batting cage.

Although specific credentials are not necessary to providing expert testimony, some special knowledge, skill, experience, training or education on the subject matter must be present. Defendants contend Mr. Schiff obtained his expertise and specialized knowledge about high school athletics and school funding issues by his years of experience as a public educator and characterize his expertise: "Mr. Schiff has experience from a real-world perspective."  While his experience with the non-relevant issue of school finance may demonstrate some special knowledge,  Mr. Schiff's opinions do not apply any Title IX or gender equity standards – the relevant issue in this action –  but rather are based on his personal opinions.  His membership in the California Interscholastic Federation ("CIF") is of no consequence because during his deposition he stated that he never analyzed schools to determine whether the provided gender equity.

The Court must conclude that Mr. Schiff's opinions fail to meet the standard of Federal Rule of Evidence 702.  He is not qualified to opine on Title IX compliance, his testimony is not based on sufficient facts or data, and he has not provided a reliable methodology to apply to the facts of the case.  Therefore, the Court will preclude Mr. Schiff as an expert witness for trial.

### b.    Penny Parker

Ms Parker is currently the assistant principal at Orange Glen High School and is a former softball coach and player.   Defendants designated Ms Parker as an expert

> to provide opinions on the softball program at Castle Park High School and participation opportunities in the program as required by Title IX, including opinions concerning the quality of the softball facilities and maintenance, standards for maintenance of the program, coaching, access to facilities, competition, promotional and publicity support, access to financial support, and fund-raising as related to gender equity at Castle Park High School.

(Opp. at 5.)

Citing *Daubert*, plaintiffs contend Ms Parker's testimony is neither reliable nor relevant. Specifically, plaintiffs note that the opinions formed by Ms Parker are based on speculation and inappropriate and outdated gender stereotypes, and are unsupported by facts. Ms Parker made one site visit on May 6, 2008 that lasted approximately 1.25 hours. During that time, plaintiffs contend that Ms Parker failed to thoroughly examine the softball fields but instead looked at the field from a distance, took no measurements or photographs, and had no discussions with anyone about the fields. Further, her opinion concerning the quality of the coaching was not informed by any qualitative review. She also admitted that she was speculating on the legality of the fund-raising raffle and she did not know about a certain bank account.

Although defendants assert her opinions are based on the site inspection and review of deposition testimony and exhibits, Ms Parker's methodology is not at all clear. Instead her opinions are speculative and therefore inherently unreliable and are unsupported by facts. Because Ms Parker's testimony is based upon insufficient facts and data, the minimal methodology used is vague and lacking in reliable principles and methods, she cannot reliably apply her method to the facts of this case.

For these reasons, Penny Parker will not be permitted to testify as an expert witness at trial.

### B.    Motion to Exclude 38 Untimely Disclosed Witnesses

Under Rule 26(a), parties have a duty to disclose initially:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment . . . .

FED. R. CIV. P. 26(a).

Additionally, the parties are under a duty to supplement disclosures and responses:

> (1) In General. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

07cv714

FED. R. CIV. P. 26(e).

In order to "give[] teeth to these requirements," Rule 37(c)(1) permits the Court to preclude "the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001).   Failure to disclose may be excused if the party can demonstrate substantial justification or if the nondisclosure is harmless.   FED. R. CIV. P. 37(c)(1).

Plaintiffs move to preclude defendants from introducing testimony from 38 previously undisclosed witnesses because the late disclosure is neither harmless nor substantially justified. As plaintiffs point out, they first learned of the 38 witnesses on November 23, 2009, in defendants' amended pretrial disclosures that were prepared for the final pretrial conference. The witnesses were not identified in defendants' disclosures or discovery.   At the final pretrial conference, defendants' counsel represented to the Court that these witnesses were not disclosed because they represented changes in personnel at the school since discovery closed.   This statement is clearly incorrect.

Nineteen of the 38 witnesses were employees prior to the August 8, 2008 discovery cut-off and September 30, 2008 cut-off for lay witness depositions.   Twelve of the 38 were employees of defendants prior to the time for Rule 26 initial disclosures that were due on October 29, 2007.   Only three witnesses were hired in the last few months.   Defendants failed to provide employment dates for seven of the listed witnesses.   It is undisputed that defendants did not offer any names of the 38 witnesses at the time of initial disclosures and made no supplementation as required under Rule 26(e).

Aware that counsel's statement to the Court during the final Pretrial Conference was inaccurate, defendants now contend that 30 of the 38 newly disclosed witnesses were made known to plaintiffs during the course of discovery, *i.e.*, during depositions.   Defendants argue that plaintiffs therefore are not harmed by this extremely late disclosure of witnesses.

Plaintiffs correctly note the harm that has and will arise because of defendants' tardy disclosure of witnesses.   The decision about whom to depose is largely driven by defendants' disclosures.   Certainly the mere mention of a name in a deposition is insufficient to give notice

1   to the opposing party that defendants intend to present that person at trial.  To suggest otherwise

2   flies in the face of the requirements of Rule 26(a) and (e).  Disclosure of witnesses also allows a

3   party to determine if the testimony would be of use to experts.  As plaintiffs also contend, the

4   untimely disclosure of witnesses potentially impacts decisions already made during the course of

5   the litigation.  If these witnesses who were not disclosed provide some basis for the reopening of

6   discovery that has been closed since August 8, 2008, the financial cost to plaintiffs and the

7   disruption of the Court's and plaintiffs' schedules would be unreasonably high.  Defendants have

8   not met their burden of proving that the delay was harmless.  *Yeti by Molly*, 259 F.3d at 1107.

9          In addition to the harm that comes from the untimely disclosure of 38 witnesses, as the

10   party facing sanctions, defendants  bear the burden of showing its failure to comply was

11   substantially justified.  *Id*.  Defendants contend that the late disclosure of eight of the 38

12   witnesses was substantially justified because theses witnesses were not involved with CPHS

13   athletics until after the August 8, 2008 discovery cut-off date.  Apparently these witnesses are

14   significant: "Defendants' Federal Rule of Civil Procedure  26(a)(3) disclosure of the eight

15   individuals listed above was made so that the Court and the parties would have the ability to hear

16   from those persons with knowledge about the current state of CPHS athletics during trial."

17   (Opp. at 15.)   If this is correct, plaintiffs should have been able to depose these critical witnesses

18   as they became known to defendants, which was months prior to the actual disclosure.

19          Defendants have offered no justification for their failure to comply with Rule 26(a) and

20   (e).  There is no reason why any of the 38 witnesses were not disclosed to plaintiffs either

21   initially or by timely supplementation.  Waiting until long after the close of discovery and on the

22   eve of trial to disclose allegedly relevant and non-cumulative witnesses is harmful and without

23   substantial justification.   Accordingly, the Court must conclude that plaintiffs' motion to

24   exclude the 38 witnesses is well supported and exclusion is an appropriate sanction for

25   defendants' failure to comply with Rule 26(a) and (e)'s disclosure requirements.

26   / / /

27   / / /

28

7

07cv714

Based on the foregoing, **IT IS ORDERED**:

1.    **GRANTING** plaintiffs' motion to exclude the expert testimony of Peter Schiff and Penny Parker; and

2.    **GRANTING** plaintiffs' motion to exclude witnesses not previously disclosed.

**IT IS SO ORDERED.**

DATED:  April 26, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

8

07cv714