UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA OLLIER, *et al.*, ) | Civil No. 07cv714-L(WMc) |
| Plaintiffs, ) | |
| ) | **ORDER DENYING JOINT MOTION TO DISMISS PLAINTIFFS'** |
| v. ) | **FOURTH CLAIM FOR RELIEF [doc. #138]** |
| SWEETWATER UNION HIGH SCHOOL DISTRICT, *et al.*, ) | |
| Defendants. ) | |

The parties jointly seek to dismiss plaintiffs' fourth cause of action brought under 42 U.S.C. § 1983. Plaintiffs assert that the dismissal of this cause of action is intended to "streamline the case for trial and to avoid the need for presentation of cumulative evidence." (Joint Motion at 2.) Plaintiffs also state that "the relief sought in their remaining claims will fully address and protect their rights, and that the fourth claim seeks essentially the same relief and remedies sought in the remaining claims." *Id*.

The present case is a class action certified under Federal Rule of Civil Procedure 23(b)(2). A voluntary dismissal of a claim in any type of class action requires the Court's approval and notice to class members who would be bound by the proposal. FED. R. CIV. P. 23(e)(1).

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:

>   (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>   (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

FED. R. CIV. P. 23(e)(1) & (2).

The parties point to Rule 23(c)(2)[1] to support their statement that the Court "enjoys wide discretion to determine the extent of notice to be applied." (Joint Motion at 2 (citing Fed. R. Civ. P. 23(c)(2).) However, this portion of Rule 23 is directed to notice to class members of class certification and not to the voluntary dismissal of a claim.

In contrast to notice of class certification, the voluntary dismissal of a claim requires notice be given in a reasonable manner: "The court *must direct* notice in a reasonable manner to all class members who would be bound by the proposal." FED. R. CIV. P. 23(e)(1) (emphasis added.) Although the Court has significant latitude to determine what type and the extent of notice that would be reasonable for voluntary dismissal of a claim, some form of notice to all class members who would be bound by the proposal is necessary. There is no dispute the dismissal of the 42 U.S.C. § 1983 claim would bind all class members.

The parties state they are "in agreement that plaintiffs may voluntarily dismiss the fourth claim and respectfully submit that notice to the class is not necessary." (Joint Motion at 2.) But as discussed above, some form of notice is required for the voluntary dismissal of a claim even in a Rule 23(b)(2) class action such as this case. Because they do not believe notice to the class is necessary for the dismissal of the fourth cause of action, the parties have not offered any suggestions for providing notice to class members. Rather, the parties acknowledge they are at an impasse if the Court determines notice is required: "should the Court determine that class notice regarding the dismissal of the 1983 claim is necessary, the parties [ ] are split as to what should occur." (*Id.* at 3.)

Plaintiffs suggest bifurcation of the fourth cause of action which would permit the parties to dismiss the section 1983 claim after the other claims are resolved at trial thus allowing all

---

[1] "For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." FED. R. CIV. P. 23(c)(2)(A)

class notice to be accomplished for all issues, claims and rulings at that time. (*Id.*) Defendants oppose bifurcation on the ground that one trial would support judicial economy. The Court declines the parties' invitation to make a ruling on the issue of bifurcation without full briefing and at this late date.

Because notice to class members is required when a voluntary dismissal of a claim is proposed, the parties' joint motion to dismiss plaintiffs' fourth claim for relief is **DENIED**.

**IT IS SO ORDERED.**

DATED: July 12, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL