UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA OLLIER, *et al.*, | Civil No. 07cv714-L(WMc) |
| Plaintiffs, | **ORDER GRANTING *EX PARTE* APPLICATION TO BIFURCATE TRIAL CONDITIONED ON WAIVER OF A SECOND TRIAL** |
| v. | **[doc. #140]** |
| SWEETWATER UNION HIGH SCHOOL DISTRICT, *et al.*, | |
| Defendants. | |

Earlier the parties jointly sought to dismiss plaintiffs' fourth cause of action brought under 42 U.S.C. § 1983. With dismissal of this cause of action, the parties intended to "streamline the case for trial and to avoid the need for presentation of cumulative evidence." (Joint Motion at 2.) Plaintiffs asserted that "the relief sought in their remaining claims [would] fully address and protect their rights, and that the fourth claim seeks essentially the same relief and remedies sought in the remaining claims." (*Id.*) Although the parties agreed to the dismissal of the § 1983 claim, the Court denied the joint motion concluding that notice to all class members who would be bound by the dismissal was necessary. (Order filed July 12, 2010. [doc. #139])

Trial is set to commence on September 14, 2010. One of plaintiffs' original claims has

been resolved through summary adjudication[1]; the remaining claims are for violation of Title IX – failure to provide equal treatment and benefits to the class; retaliation in violation of Title IX[2]; and violation of 42 U.S.C. § 1983.  Plaintiffs now move to bifurcate the trial by separating their § 1983 claim from the trial of the remaining claims and post-trial, voluntarily dismissing the § 1983 claim.

The district court may order separate trials of one or more issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize."  FED. R. CIV. P. 42(b).  Courts have broad discretion in deciding whether to bifurcate a trial and consider several factors in determining whether bifurcation is appropriate.  These factors include, *inter alia,* whether the issues are clearly separable, and whether bifurcation would increase convenience and judicial economy, reduce the risk of jury confusion, and avoid prejudice to the parties.  *See* SCHWARZER, TASHIMA & WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 16:160.4 (2010); *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).  Separate trials, however, are not appropriate when the bifurcated issues "are so intertwined" that the party opposing the bifurcation would suffer prejudice should the issues be tried separately.  *Miller v. Fairchild Ind., Inc.*, 885 F.2d 498, 511 (9th Cir. 1989) (citation omitted), cert. denied, 494 U.S. 1056 (1990).  As the party requesting bifurcation, plaintiffs here have the burden to prove that bifurcation is warranted.  *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 102 (N.D. Cal.1992).

According to plaintiffs, bifurcating the trial with post-trial dismissal of the § 1983 claim will economize and expedite the trial, increase convenience, and not prejudice defendants. Plaintiffs assert that if the § 1983 claim is bifurcated, after the trial they will combine the notice of dismissal of the § 1983 claim along with any notice of judgment on the other causes of action or any notice of settlement.  In other words, plaintiffs pledge that whatever the outcome of the trial on their two remaining Title IX claims, there will be no second trial on the § 1983 claim.

---

[1] The summary adjudication motion was resolved in plaintiffs' favor on their second claim that defendants violated Title IX by failing to provide the class with equal participation opportunities.

[2] The Court has not yet entered a ruling on whether plaintiffs' retaliation claim should be stricken.

1    Defendants' sole objection to the bifurcation of the § 1983 claim is that plaintiffs may
2 change their minds and seek a second trial on that claim.  To resolve this concern, defendants
3 suggest that an order permitting bifurcation require plaintiffs to waive their right to try the claim
4 if it is not tried with the remaining claims at trial.   Plaintiffs have not responded to defendants'
5 response.  Although their motion was not submitted under penalty of perjury, it appears plaintiffs
6 have clearly and unequivocally stated their intent to not go forward with a second trial under any
7 circumstance.

8    Having carefully considered the law regarding bifurcation and the facts surrounding the
9 requested relief, the Court finds that bifurcation the § 1983 cause of action will expedite the trial
10 and not prejudice defendants, and therefore **GRANTS** plaintiffs' *ex parte* motion to bifurcate the
11 trial conditioned on plaintiffs' express waiver of a second trial.

12    **IT IS SO ORDERED.**
13 DATED:  July 27, 2010

14
15                                                              M. James Lorenz
                                                                 United States District Court Judge

16 COPY TO:

17 HON. WILLIAM McCURINE, JR.
   UNITED STATES MAGISTRATE JUDGE
18

19 ALL PARTIES/COUNSEL