UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA OLLIER, *et al.*, | Civil No. 07cv714-L(WMc) |
| Plaintiffs, | **ORDER DENYING MOTION TO STRIKE PLAINTIFFS' RETALIATION CLAIM** |
| v. | **[doc. # 125]** |
| SWEETWATER UNION HIGH SCHOOL DISTRICT, *et al.*, | |
| Defendants. | |

Currently pending is defendants' motion to strike plaintiffs' retaliation claim based on mootness and lack of standing. The motion was fully briefed and heard on April 26, 2010. For the reasons set forth below, defendants' motion will be denied.

**1.  Legal Standards**

Rather than file a timely and procedurally appropriate motion under the Federal Rules of Civil Procedure, defendants chose to wait until the time had long passed to file a dispositive motion under the Case Management Order and only as the final Pretrial Order was being prepared. At no time prior to the final pretrial conference did defendants seek leave to file a dispositive motion, which is an appropriate means of dismissing a cause of action on the grounds mootness and standing. Instead, defendants filed a motion to strike under Federal Rule of Civil Procedure 12(f).

Rule 12(f) provides that a court "may order stricken from any pleading any insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *See Rosales v. Citibank*, 133 F. Supp.2d 1177, 1180 (N.D. Cal. 2001); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). A federal court will not exercise its discretion under Rule 12(f) to strike a pleading unless the matters sought to be omitted have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. *Id.* Ordinarily a motion to strike will not be granted unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp.2d 1048, 1057 (N.D. Cal. 2004). "Motions to strike are rarely granted in the absence of a showing of prejudice to the moving party." *Freeman v. Alta Bates Summit Med. Ctr. Campus*, 2004 WL 2326369, at *2 (N.D. Cal. 2004)(citing 61 AM. JUR. 2D PLEADING § 505 (West 1999)). Matters may be stricken to reduce trial complication or if challenged allegations are so unrelated to plaintiff's claims to be unworthy of consideration as a defense and their presence in the pleading will prejudice the party seeking to strike matters. *Fantasy, Inc.*, 984 F.2d at 1527. When considering a motion to strike, the court "must view the pleading in a light most favorable to the pleading party.*" In re 2TheMart.com, Inc.,* 114 F.Supp. at 965.

  Under established law discussed above, none of the circumstances for striking a pleading are relevant here. Defendants' attempt to assert lack of standing and mootness do not fall within the purpose of a Rule 12(f) motion. Alternatively, defendants seek *in limine* to preclude all evidence relating to retaliation. A motion *in limine* should not be used for disposition of a claim or to eviscerate a viable claim. The Court could properly deny defendants' motion on a procedural basis alone. Because retaliation is at issue for purposes of the upcoming trial; the Court will construe the motion as one to dismiss the third cause of action. After trial, the Court will consider whether sanctions should be imposed upon defendants for failure to comply with the Case Management Order.

  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where

the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

A motion to dismiss should be granted "if plaintiffs have not pleaded 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombley*, 127 S. Ct. at 1964-1965. The court does not have to accept as true any legal conclusions within a complaint, although conclusions can help frame a complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

**2. Discussion**

Defendants contend the third cause of action – retaliation – must be dismissed because plaintiffs do not have standing to raise a claim of retaliation for a non-party to the action,[1] retaliation is specific to a person or small group rather than to an entire class of present and future students, and the claim is moot.

"Title IX's private right of action encompasses suits for retaliation because retaliation falls within the statute's prohibition of intentional discrimination on the basis of sex." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 178 (2005). To prevail on the merits of a retaliation claim, a plaintiff must prove that she was retaliated against because she complained of sex discrimination. *Id.* at 184.

**a. Mootness**

"Generally, once a student graduates, [she] no longer has a live case or controversy justifying declaratory and injunctive relief against a school's action or policy, and [her] case is

---

[1] It appears defendants have abandoned this theory.

therefore moot." *Flint v. Dennison*, 488 F.3d 816, 824 (9th Cir. 2002) (noting exception to general rule of mootness where former student seeks to expunge evidence of disciplinary violations from school record); *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 797-98 (9th Cir. 1999) (*en banc*) (concluding that high school student's claims for injunctive and declaratory relief became moot when he graduated).

Defendants contend the named plaintiffs in this action are no longer students at the school and there is "not a single athlete in the class of plaintiffs who played under Coach Martinez nor could they now play for him . . . [s]o the [retaliation] claim is moot." (Reply memo at 2.) Coach Martinez, who was terminated from CRHS in 2006, for complaining to the administration about the state of women's softball, was replaced and the women's softball team remains at the school. According to defendants, the Complaint does not set forth how the class plaintiffs have been or could be retaliated against with respect to the softball coaching termination of Coach Martinez.

Although two named plaintiffs, Veronica Ollier and Naudia Rangel, no longer attend CPHS and their claims for injunctive relief are moot, plaintiffs contend that this class action is not moot because two class plaintiffs are currently playing softball at CPHS and the certified class continues to be exposed to the effects of defendants' previous retaliatory actions and the possibility of future retaliation. Amanda Hernandez practiced with the Varsity softball team under Coach Martinez even before she became at student at CPHS. Arianna Hernandez also worked with Coach Martinez when she was in junior high school and was recruited by him for the high school softball team. It is undisputed that both Amanda and Arianna are current students at CPHS and play softball. Even though students do not have the right to choose their teachers or coaches, both girls assert that defendants retaliated against the plaintiff class by terminating a seven-plus year coach who successfully trained, nurtured and developed young athletes and the effects of that termination continue to be felt.

Additionally, plaintiffs' claim for retaliation is not limited to the termination of Coach Martinez. Other forms of retaliation against the class are alleged in the Complaint that are not moot. Specifically, plaintiffs note the chilling effect on students who would complain about

1 continuing gender inequality in athletic programs at the school, the barring of parents from
2 assisting the team, and the lack of lockers that Coach Martinez had provided to the girls' softball
3 team but that were removed at the direction of the school and not replaced.  Finally, the class
4 representatives and class members have a continuing interest in ensuring defendants' compliance
5 with federal nondiscrimination laws.

6     Having reviewed the allegations in their complaint, plaintiffs have stated a cause of action
7 for retaliation that is not moot.

    **b.**    **Standing**

9     Defendants argue that plaintiffs fail to meet the standing requirements of case and
10 controversy.

> The test for standing appears in the familiar language of *Lujan v. Defenders of Wildlife*, requiring a party to show three things:  "First, [it] must have suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of . . ..  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

15 *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1036 (9th Cir. 2010), (quoting *Lujan v. Defenders*
16 *of Wildlife*, 504 U.S. 555, 560-61 (1992) (all brackets and ellipses in *Coto*).    Standing is a
17 jurisdictional requirement under Article III of the United States Constitution and cannot be
18 assumed.  *Coto*, 593 F.3d at 1036; *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 n.6.

19     Plaintiffs have standing to bring a claim for retaliation.  They have set forth actions taken
20 against the plaintiff class members after they complained of sex discrimination that are concrete
21 and particularized.  The causal connection is conceded.  Finally, a favorable decision would
22 result in an injunction which would redress the plaintiff class members' injuries.

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**3.  Conclusion**

Based on the foregoing, **IT IS ORDERED** defendants' motion to strike plaintiffs' third cause of action for retaliation or alternatively to exclude evidence of retaliation is **DENIED.**

**IT IS SO ORDERED.**

DATED: August 23, 2010

                                          _____
                                          M. James Lorenz
                                          United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL