UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA OLLIER, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>SWEETWATER UNION HIGH SCHOOL DISTRICT, *et al.*,<br><br>        Defendants. | Civil No. 07cv714-L(WMc)<br><br>**ORDER GRANTING MOTION TO STRIKE TRIAL TESTIMONY CONCERNING CONNECT-ED PHONE SYSTEM [doc. #183]** |

On November 15, 2010, plaintiffs filed a motion to strike the trial testimony of defense witness, Miriam Duggan, concerning the Connect-Ed phone system which was a potential means of publicizing athletic programs at Castle Park High School ("CPHS"). Plaintiffs objected to this testimony during trial because defendants failed to provide information about the Connect-Ed phone system in response to plaintiffs' interrogatories and production requests concerning publicity.

The complaint includes nine factors including publicity with respect to their claim for sex-based discrimination in athletic treatment and benefits. During discovery, plaintiffs served interrogatories requesting that defendants identify all facts on which they based their denial of allegations of the complaint and affirmative defenses. Defendants responded to the interrogatories, and concerning the publicity factor, they identified school bulletins, the school's public address system and marquee announcements. The Connect-Ed phone system was not

mentioned in the interrogatory response.

Similarly, plaintiffs requested production of documents "summarizing, describing, or referring to any . . . provided to or for any District athletic team for each year from the 1998-1999 school year until the present." (Plaintiffs' First Request for Production of Documents.) Defendants did not produce any documents referring to the Connect-Ed phone system.

Federal Rule of Civil Procedure 37(c)(1) permits the Court to preclude "the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001). Failure to disclose may be excused if the party can demonstrate substantial justification or if the nondisclosure is harmless. FED. R. CIV. P. 37(c)(1).

While acknowledging their failure to identify the Connect-Ed phone system in their interrogatory responses, defendants contend that their lack of disclosure was substantially justified and harmless. The Court disagrees.

According to defendants, their failure to disclose the Connect-Ed phone system was substantially justified because plaintiffs' interrogatory was generally worded and the phone system was not a primary method used to promote athletics. (Dfts' Trial Brief at 6, docket no. 182.) Whether the interrogatory was generally worded or whether the Connect-Ed phone system was a primary method of athletic promotion is not the relevant inquiry. If the Connect-Ed phone system was used to publicize athletics at CPHS as Ms Duggan testified at trial, defendants were required to disclose the phone system to plaintiffs. Defendants have made no showing that their failure to disclose this information was substantially justified.

In addressing harmlessness, defendants say there is no prejudice because the plaintiffs "received numerous calls from the Connect-Ed phone system for various events such as dances, homecoming events, athletic competitions, and exams. Thus, information regarding the Connect-Ed system was equally available to Plaintiffs and Defendants." (Dfts' Trial Brief at 5, docket no. 182.) This argument is without merit. Full disclosure of the Connect-Ed phone system as a means of athletic promotion was required in response to the interrogatory. Because it was not disclosed, plaintiffs had no opportunity to conduct any discovery regarding the

1 | Connect-Ed phone system.

2 | Defendants further suggest their failure to disclose the Connect-Ed system was harmless
3 | because it was plaintiffs' fault for not asking an open-ended question about publicity during
4 | depositions. This argument is without merit.

5 | Finally, defendants contend their failure to disclose was harmless because plaintiffs could
6 | have addressed the issue in cross examination or by calling rebuttal witnesses. Such suggestions
7 | may be appropriate in some situations but here, plaintiffs were thwarted in doing discovery that
8 | could have been significant to the issue of publicity.

9 | Characterizing their lack of disclosure as an innocent mistake, defendants argue that the
10 | exclusion of the testimony relating to the Connect-Ed phone system is too harsh a remedy.
11 | (Dfts' Trial Brief at 6, docket no. 182.) But as case law makes clear, "even absent a showing in
12 | the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the
13 | required disclosure requirements of Rule 26(a)." *Yeti*, 259 F.3d at 1106. The exclusion sanction
14 | is "self-executing" and "automatic" to "provide[ ] a strong inducement for disclosure of
15 | material." *Id.* (quoting FED. R. CIV. P. 37 advisory committee's note (1993)).

16 | Publicity is a significant factor to be considered in plaintiffs' case of gender-based
17 | discrimination. Being unable to fully address this factor because of defendants' lack of
18 | disclosure about a form of athletic publicity – the Connect-Ed phone system – harmed plaintiffs'
19 | ability to conduct needed discovery. Although the degree of prejudice cannot be ascertained
20 | with certainty, the Court finds that plaintiffs were prejudiced by defendants' failure to properly
21 | disclose the Connect-Ed phone system in response to interrogatories and requests for production
22 | of documents. Additionally, defendants have made no showing of substantial justification.

23 | Based on the foregoing, **IT IS ORDERED** granting plaintiffs' motion to strike trial
24 | testimony concerning Connect-Ed phone system. [doc. #183]

25 | **IT IS SO ORDERED.**
26 | DATED: November 30, 2010

27 |
28 | M. James Lorenz
United States District Court Judge

1  COPY TO:

2  HON. WILLIAM McCURINE, JR.
   UNITED STATES MAGISTRATE JUDGE
3

4  ALL PARTIES/COUNSEL