UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA OLLIER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SWEETWATER UNION HIGH SCHOOL DISTRICT, *et al.*, <br><br> Defendants. | Civil No. 07cv714-L(WMc) <br><br> **ORDER DENYING MOTION FOR AMENDED, ADDITIONAL OR NEW FINDINGS [doc. #197]** |

In the guise of a motion for amended, additional or new findings under Federal Rules of Civil Procedure 52(b) and 59(a)(2), defendant seeks: (1) rulings on objections to designated deposition testimony that was submitted for trial purposes and (2) the result of a site visit at Castle Park High School. Plaintiffs oppose the motion.

**I.    Background**

Defendant District was alleged to have unlawfully discriminated against female student athletes at CPHS with respect to "practice and competitive facilities; locker rooms; training facilities; equipment and supplies; travel and transportation, coaches and coaching facilities; scheduling of games and practice times; publicity; and funding" in violation of Title IX. (Complaint, ¶ 40.) Additionally, plaintiffs allegde that defendant had "failed to provide female students with equal athletic participation opportunities, despite their demonstrated athletic interest and and abilities to participate in athletics." *Id*., ¶ 71. Because of these alleged failures,

plaintiffs asserted that girls' participation in sports is severely limited and interested girls are discouraged from going out for sports. *Id.*, ¶ 74.

On March 30, 2009, the Court granted plaintiffs' motion for summary adjudication on their second cause of action finding that plaintiffs demonstrated through uncontroverted, admissible evidence that defendants are not in compliance with Title IX based on unequal participation opportunities in athletic program. [doc. #87] The remaining claims were violation of Title IX based on unequal treatment and benefits to females at CPHS, and retaliation against the District defendant only.[1]

A ten-day bench trial was held between September 14, 2010 and October 15, 2010. Based on the trial, the parties' stipulations, and admitted evidence, the Court issued findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a) on February 9, 2012. [doc. #193] The evidence considered included live testimony at trial, exhibits admitted at trial, discovery responses, deposition testimony to which there were no objections, stipulated facts. Some marked and lodged deposition testimony was submitted that had objected to by defendant. Defendant did not seek rulings on the objected-to deposition testimony after the conclusion of the trial or prior to the issuance of the Court's Findings of Fact and Conclusions of Law.

**II.     Legal Standard**

Defendant relies on Federal Rules of Civil Procedure 52(b) or 59(a)(2) for the relief it seeks.

Rule 52(b) allows a court to amend findings after a bench trial:

> On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

Motions under Rule 52(b) are "designed to correct findings of fact which are central to the ultimate decision; the Rule is not intended to serve as a vehicle for a rehearing." *R.C. Fischer and Co. v. Cartwright*, 2011 WL 6025659, *4 (N.D. Cal. 2011) (citing *Davis v. Mathews*, 450 F.

---

[1] Plaintiffs stipulated to dismissal of their 42 U.S.C. §1983 claim which resulted in the dismissal of claims against all individual defendants.

Supp. 308, 318 (E.D. Cal. 1978)). Rule 52(b) motions are appropriately granted in order to correct manifest errors of law or fact or to address newly discovered evidence or controlling case law. *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219–1220 (5th Cir. 1986). A motion to amend a court's factual and legal findings is properly denied where the proposed additional facts would not affect the outcome of the case or are immaterial to the court's conclusions. *Weyerhaeuser Co. v. Atropos Island*, 777 F.2d 1344, 1352 (9th Cir.1985).

As plaintiffs accurately point out, defendant is seeking evidentiary rulings to certain submitted designated deposition testimony and not to correct any particular findings of fact that are found in the Court's Order. Moreover, defendant has not identified which, if any, of the requested evidentiary objections found in depositions could possibly be central to the Court's ultimate decision. The Court therefore denies defendant's motion under Rule 52(b)

Rule 59(a)(2) provides that:

> After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

A motion under Rule 59, like a motion under Rule 52(b), is granted in order to correct manifest errors of law or fact or to address newly discovered evidence. *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978)

Defendant has not moved for a new trial as required under Rule 59(a)(2). Nor does defendant suggest any manifest errors of law or fact that would form the basis for a new trial or the grounds on which the court could grant a new trial or amend its findings of fact and conclusions of law. Indeed all defendant seeks are (1) rulings for objections made during various depositions that were taken pre-trial and (2) the results of a site inspection that did not occur. Accordingly, the Court denies the motion as being without factual or legal basis.

/ / /

/ / /

/ / /

/ / /

/ / /

**Conclusion**

Based on the foregoing, defendant's motion for amended, additional or new findings is **DENIED**.

**IT IS SO ORDERED.**

DATED: June 21, 2012

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL